

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

| | |
|---|---|
| *Brien McMahon Federal Building* | *(203) 696-3000* |
| *915 Lafayette Boulevard, Room 309* | |
| *Bridgeport, Connecticut 06604* | *Fax (203) 579-5550* |

March 13, 2007

Gary D.Weinberger, Esquire
Federal Public Defender's Office
10 Columbus Blvd., 6th Floor
Hartford, CT 06106

Re:    <u>United States v. Chauncey Moore</u>
       <u>Criminal No. 3:03CR178 (RNC)</u>

Dear Mr. Weinberger:

This letter confirms the plea agreement entered into between your client, Chauncey Moore (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

Pursuant to Rule 11(a)(2), Fed. R. Crim. P., the defendant, Chauncey Moore, agrees to enter a conditional plea of guilty to count one of the indictment. The defendant, with the consent of the Government and upon the approval of the Court, shall enter a conditional plea of guilty for the sole purpose of reserving the right to appeal from the judgment of conviction to review this Court's ruling filed February 20, 2007 (Document No. 52), denying his amended motion to suppress evidence (Document No. 16).

The defendant and the Government agree that the defendant shall be allowed to withdraw his plea only in the event that he prevails on appeal.

The defendant agrees to plead guilty to a one-count indictment charging him with possession of a firearm by a convicted felon, in violation of Title 18, U.S.C. § 922(g)(1). He understands that to be guilty of this offense the following essential elements of the offense must be satisfied:

1.    That prior to September 22, 2002, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

Gary D. Weinberger, Esquire
March 13, 2007
Page 2

>    2.    That on or about September 22, 2002, the defendant knowingly possessed the firearm described in Count One of the Indictment; and

>    3.    That prior to September 22, 2002, the firearm described in Count One of the Indictment had traveled in interstate or foreign commerce.

## THE PENALTIES

Because the defendant has three prior convictions for a violent felony or serious drug offenses which were committed on occasions different from one another, he qualifies under the Armed Career Criminal Statute, Title 18, United States Code, Section 924(e)(1). This provision carries a mandatory minimum sentence of fifteen years and up to life imprisonment. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than five years, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to five years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and § 3612(g).

### Forfeiture

The defendant agrees to waive all right, title, interest, and claims in and to the firearm at issue in this case, namely, a Bryco Arms Model 9, nine milimeter handgun, serial number 1438439. The defendant acknowledges that he has, and will continue to have, no right to possess the foregoing firearm. The defendant consents to the destruction of the firearm, and henceforth waives any and all notice with respect to any motion, pleading, order, or any other action taken with respect to the disposition or destruction of the firearm.

The defendant agrees to hold the United States, its agents and employees harmless from

Gary D. Weinberger, Esquire
March 13, 2007
Page 3

any claims whatsoever in connection with the seizure and disposition, including any future destruction, of the firearm referenced in the foregoing paragraph. The defendant also agrees to waive all common law, statutory, and constitutional claims or challenges, on any grounds, regarding the seizure and disposition, including any future destruction, of the firearm referenced in the foregoing paragraph.

The defendant understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

    1.    <u>Applicability</u>

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. 220 (2005). The defendant expressly understands and agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

    2.    <u>Acceptance of Responsibility</u>

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to § 3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts

Gary D. Weinberger, Esquire
March 13, 2007
Page 4

which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

      3.      <u>Stipulation</u>

      Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant expressly understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

      4.      <u>Waiver of Right to Challenge Prior Convictions Used To Enhance Sentence</u>

      The defendant understands and agrees that the offense of conviction carries enhanced penalties because of his prior criminal record. The defendant further understands and agrees that under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the fact of defendant's prior convictions need not be approved by a grand jury or submitted to a trial jury and proved beyond a reasonable doubt. Defendant expressly understands and agrees that such facts will be determined either: by stipulation between the parties; in accordance with the procedures specified by the United States Sentencing Guidelines; or by the Court upon a finding that the relevant facts have been established by reliable evidence (which may include hearsay evidence) and proven by a preponderance of the evidence.

      5.      <u>Guideline Stipulation</u>

      The Government and the defendant stipulate the defendant's applicable Sentencing Guidelines to be at a range of 188 to 235 months of imprisonment. The offense level calculated under U.S.S.G. § 4B1.4(b)(3)(A) is 34, and the criminal history category under that section is VI. These calculations are based on the stipulation by the parties that the defendant is an Armed Career Criminal, as defined in 18 U.S.C. § 924(e), and that the defendant possessed the firearm at issue in this case in connection with a crime of violence, as defined in U.S.S.G. § 4B1.2(a). Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 31. A total offense level 31 with a criminal history category VI, which the parties calculate the defendant to be, results in a range of 188 to 235 months of imprisonment (sentencing table).

Gary D. Weinberger, Esquire
March 13, 2007
Page 5

The Government and the defendant stipulate that the defendant was convicted of the following offenses in Connecticut Superior Court on the dates specified, each of which constitutes a violent felony for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e): (1) a conviction on June 6, 1995 for assault on an officer, in violation of Conn. Gen. Stat. § 53a-167c, for an offense occurring on or about October 15, 1994; (2) a conviction on June 6, 1995 for assault on an officer, in violation of Conn. Gen. Stat. § 53a-167c, for an offense occurring on or about July 1, 1994; and (3) a conviction on July 7, 1989 for assault on an officer, in violation of Conn. Gen. Stat. § 53a-167c, for an offense occurring on April 20, 1989.

The parties agree that neither a downward nor an upward departure from the sentencing range set forth above is warranted and that a sentence within the agreed range is reasonable. Accordingly, neither party will seek such a departure, seek any adjustment not set forth herein, or seek a non-Guideline sentence outside the range set forth herein. Nor will either party suggest that the Probation Department consider such a departure or adjustment or non-Guideline sentence, or suggest that the Court *sua sponte* consider such a departure or adjustment or non-Guideline sentence.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

6.    <u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. As noted above, pursuant to 11(a)(2) of the Federal Rules of Criminal Procedure, the defendant reserves his right to appeal from the judgment of conviction to review this Court's ruling filed February 20, 2007 (Document No. 52), denying his amended motion to suppress evidence (Document No. 16). Otherwise, it is agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, his conviction. Nor will the defendant appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, any sentence of imprisonment imposed by the Court if the sentence of imprisonment is no greater than 235 months. Similarly, the Government will not appeal a sentence of imprisonment that is at least 188 months. The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

Gary D. Weinberger, Esquire
March 13, 2007
Page 6

      7.     <u>Information to the Court</u>

      The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case.  Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

**<u>WAIVER OF RIGHTS</u>**

      <u>Waiver of Trial Rights and Consequences of Plea</u>

      The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

      The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense.  The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

      The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

      <u>Waiver of Statute of Limitations</u>

      The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution.  The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

      <u>Waiver of Right To Post-Conviction DNA Testing of Physical Evidence</u>

Gary D. Weinberger, Esquire
March 13, 2007
Page 7

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

**ACKNOWLEDGEMENT OF GUILT; VOLUNTARINESS OF PLEA**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant expressly acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

Gary D. Weinberger, Esquire
March 13, 2007
Page 8

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been
reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in knowingly possessing a firearm on or about September 22, 2002 after having been convicted of a felony, which forms the basis of the indictment in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

Gary D. Weinberger, Esquire
March 13, 2007
Page 9

## <u>NO OTHER PROMISES</u>

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

PAUL A. MURPHY
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____                    _____
CHAUNCEY MOORE                             Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____                    _____
GARY D. WEINBERGER, ESQ.                             Date
Attorney for the Defendant

<u>STIPULATION OF OFFENSE CONDUCT</u>

The defendant, Chauncey Moore, and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the information:

On or about September 22, 2002, the defendant, Chauncey Moore knowingly possessed a firearm in connection with crimes of violence, namely, an armed robbery and an attempted carjacking. The firearm knowingly possessed by the defendant was a Bryco Arms Model 9, nine millimeter handgun, serial number 1438439. The defendant and the government stipulate and agree that the firearm had been transported in interstate or foreign commerce. The government and the defendant further stipulate and agree that, prior to the defendant's knowing possession of the firearm on or around September 22, 2002, he had been convicted in the State of Connecticut Superior Court of the following crimes, each of which was punishable by a term of imprisonment exceeding one year: (1) on or about November 8, 2000, the defendant was convicted of misrepresentation of a controlled substance in violation of Connecticut General Statutes § 21a-268; (2) on or about June 6, 1995, the defendant was convicted of assault on a police officer in violation of Connecticut General Statutes § 53a-167c, for an offense occurring on or about October 15, 1994; (3) on or about June 6, 1995, the defendant was convicted of assault on a police officer in violation of Connecticut General Statutes § 53a-167c, for an offense occurring on or about July 1, 1994; (4) on or about February 24, 1993, the defendant was convicted of escape in the first degree in violation of Connecticut General Statutes § 53a-169; and (5) on or about July 7, 1989, the defendant was convicted of assault on a police officer in violation of Connecticut General Statutes § 53a-167c, for an offense occurring on April 20, 1989. The government and the defendant further stipulate and agree that based on his prior convictions listed in subparagraphs (2), (3) and (5), each of which constitutes a violent felony for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e), he is properly classified as an armed career criminal under that act.

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____          _____
CHAUNCEY MOORE                            PAUL A. MURPHY
The Defendant                             ASSISTANT UNITED STATES ATTORNEY


_____
GARY WEINBERGER, ESQ.
Attorney for the Defendant